UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-05320-MWF (MRWx)          Date:  August 29, 2016
Title:    Allen Bruce -v- The Waggoners Trucking, Inc. et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND REMOVED ACTION TO STATE COURT [13]

Before the Court is Plaintiff Allen Bruce's Motion to Remand Removed Action to State Court (the "Motion"). (Docket No. 13). Defendant The Waggoners Trucking, Inc. filed an Opposition, to which Plaintiff filed a Reply. (Docket Nos. 15, 19).

The Court has read and considered the papers submitted on the Motion, as well as held a hearing on **August 29, 2016**.

For the reasons stated below, the Motion is **DENIED**. Defendant has met its burden of proof in establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

## I.   BACKGROUND

The background facts are largely undisputed:

Plaintiff was employed by Defendant as a truck driver from September 2014 through February 2016. (Opposition at 2). Plaintiff made roundtrip drives between Casper, Wyoming and Rancho Dominguez, California that amounted to a total distance of approximately 2,200 miles. (Declaration of Amanda Wheless ("Wheless Decl.") ¶ 8 (Docket No. 16)). Plaintiff worked approximately 40 hours a week consisting of ten hours per day over four days. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-05320-MWF (MRWx)          Date:  August 29, 2016
Title:     Allen Bruce -v- The Waggoners Trucking, Inc. et al.

Prior to his employment with Defendant, Plaintiff alleges that he received a job offer for a different position with a different employer.  (Complaint ¶¶ 7–8 (Docket No. 1)).  Plaintiff alleges that Defendant fraudulently induced Plaintiff to work for Defendant by promising Plaintiff a higher rate of pay than what Plaintiff actually received, as well as a pay raise and overtime payments.  (*Id.*).

On May 23, 2016, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court alleging, among other claims, failure to pay overtime and double-time compensation, failure to pay timely-earned wages, failure to provide wage statements, and fraudulent inducement.  (Complaint ¶¶ 10–14).  On July 19, 2016, Defendant filed a Notice of Removal to remove the case to the United States District Court for the Central District of California on the basis of diversity jurisdiction.  (Notice of Removal at 1–2 (Docket No. 1)).

On July 28, 2016 Plaintiff filed this Motion.  Plaintiff contends that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## II.  LEGAL STANDARD

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court."  *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  The parties do not dispute that there is complete diversity; therefore, the principal issue is whether the amount in controversy meets the jurisdictional requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-05320-MWF (MRWx)  **Date:** August 29, 2016
**Title:** Allen Bruce -v- The Waggoners Trucking, Inc. et al.

### A. Amount in Controversy

In cases removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal. First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy. *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).

### B. Attorney's Fees

Attorney's fees recoverable by a plaintiff, whether by statute or contract, are included in determining the amount in controversy, regardless of whether the fee award is discretionary or mandatory. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F. 3d 1150, 1156. However, courts in the Ninth Circuit have been divided over whether the amount in controversy should be limited to attorney's fees accrued at the time of removal or should include fees accrued over the life of the case. *Compare Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHK-NVW, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010) (noting that "there is disagreement within this circuit as to whether attorney's fees incurred after the date of removal are properly included in the amount in controversy, and concluding that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal[, and that f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal"), *with Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-05320-MWF (MRWx)          **Date:** August 29, 2016
**Title:**     Allen Bruce -*v*- The Waggoners Trucking, Inc. et al.

future income loss, damages, or attorney's fees likely to be incurred cannot be estimated at the time of removal"). Even if the Court were to limit the calculation of amount in controversy to attorney's fees incurred at the time of removal, the Court concludes that the jurisdictional threshold has been met.

## III. DISCUSSION

Based on the following figures, the Court concludes that the amount in controversy exceeds the jurisdictional threshold:

| | |
|---|---|
| Maximum double penalty allowed | $60,029.56 |
| Maximum statutory damages | $4,000.00 |
| Maximum 30-day penalty | $10,018.80 |
| Attorney's fees | $5,000.00 |
| **TOTAL:** | **$79,048.36** |

These numbers are supported by evidence submitted by Defendant regarding Plaintiff's wage history.

***Double compensation for overtime***: According to evidence submitted by Defendant, Plaintiff drove ten hours per day for four days per week. Therefore, this results in two hours of overtime per day, pursuant to section 510 of the California Labor Code. Given the 8 hours of overtime each week (for driving four days a week) and the 2.5 hours overtime per week for loading and unloading at the beginning and end of each roundtrip, this brings Plaintiff's total potential overtime hours per week to 10.5. (Opposition at 5). Given an overtime hourly rate of $48.45, Plaintiff could be owed up to $30,014.78 in unpaid overtime for the 59 weeks Plaintiff was employed by Defendant. (*Id.*). Under section 970 of California Labor Code, Plaintiff could be entitled up to double compensation for the overtime owed. Therefore, the maximum penalty allowed for the unpaid overtime would be $60,029.56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-05320-MWF (MRWx)      **Date:** August 29, 2016
**Title:** Allen Bruce -v- The Waggoners Trucking, Inc. et al.

*Statutory damages*: Plaintiff alleges that Defendant also violated section 226(e) of the California Labor Code for failing to provide wage statements. Under the statute, Defendant could be liable up to the maximum statutory amount of $4,000 in damages. (Opposition at 5). Plaintiff does not contest this calculation.

*30-day penalty*: For Plaintiff's second claim alleging violations of section 204 of the California Labor Code, Plaintiff could be entitled up to payment of a 30-day penalty in the sum of $10,018.80. (*Id.*). Defendant arrives at this figure by multiplying Plaintiff's daily wage of $333.96 per day against the 30-day limit prescribed under section 203 of the California Labor Code. Plaintiff does not contest this calculation.

*Attorney's fees*: As discussed above, the Court will apply the conservative figure limited to attorney's fees accrued at time of removal. The Court concludes that, based on its experience and common sense, Defendant's estimate of $5,000 in attorney's fees incurred prior to removal is probable. This amount could be potentially recoverable under section 1194 of the California Labor Code if Plaintiff were to prevail on his claims.

Accordingly, Defendant has met its burden of proof in establishing that, by a preponderance of the evidence, the amount in controversy exceeds the $75,000 jurisdictional threshold.

Plaintiff does not seriously contest Defendant's calculations other than to argue (1) Defendant's notice of removal was defective and conclusory because it failed to provide the figures cited in Defendant's Opposition; and (2) Defendant's estimate of attorney's fees incurred prior to removal is purely speculative. (Reply at 1–4). As discussed above, however, the Court may consider "summary-judgment-type evidence" to determine the amount in controversy. Understandably, Plaintiff has not provided any controverting evidence to minimize Defendant's calculations. Furthermore, as discussed above, the Court concludes that the $5,000 estimate of attorney's fees incurred prior to removal is probable and reasonable. Finally, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-05320-MWF (MRWx)     **Date:** August 29, 2016
Title:     Allen Bruce -*v*- The Waggoners Trucking, Inc. et al.

notes that Plaintiff also sought punitive damages in his Complaint, which the parties' briefs did not address in a meaningful manner. (Complaint at 12). Nevertheless, Plaintiff's potential recovery of punitive damages also pushes the amount of controversy even further beyond the jurisdictional threshold.

### IV. CONCLUSION

The Motion is **DENIED**.

IT IS SO ORDERED.