Lawrence W. Freiman (SBN 288917)
lawrence@freimanlaw.com
Michael J. Freiman (SBN 280716)
michael@freimanlaw.com
Freiman Law
100 Wilshire Blvd., Ste. 700
Santa Monica, California 90401
Telephone:   310.917.1024
Facsimile:   888.835.8511

Attorneys for Plaintiff ALLEN BRUCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BRUCE,<br><br>          Plaintiffs,<br><br>v.<br><br>THE WAGGONERS TRUCKING, INC.; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.  2:16-cv-05320-MWF-MRW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**<br><br>Date:  March 6, 2017<br>Time:  10:00 a.m.<br>Courtroom: 5A<br><br>Trial Date: September 12, 2017 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 6, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5A of the United States District Court for the Central District of California located at First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Plaintiff ALLEN BRUCE will and hereby does move this Court for an Order permitting leave to amend his First

Amended Complaint to add complaints about violation of trucking safety regulations and workplace safety an additional basis for retaliation to his wrongful termination and Labor Code s. 1102.5 claims; and to add a Labor Code s. 6310 claim for retaliation for opposing an unsafe work environment pursuant to Federal Rules of Civil Procedure 15 and 16.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Court's file and records in this action and such other evidence and arguments as may be made or presented at or before the hearing on this Motion.  This Motion is filed following a conference with Defendant's counsel, pursuant to Local Rule 7-3 that took place on December 23, 2016 and January 25, 2017. On January 25, 2017, Defendant communicated it would not stipulate to Plaintiff's filing a Second Amended Complaint.

Dated: February 6, 2017          FREIMAN LAW

/s/ Michael J. Freiman

Michael J. Freiman, Esq.
Lawrence W. Freiman, Esq.

Attorneys for Plaintiff ALLEN BRUCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff seeks leave to amend his Complaint to add complaints about legal violations of trucking safety regulations and workplace safety an additional basis for retaliation to his wrongful termination and Labor Code s. 1102.5 claims; and to add a Labor Code s. 6310 claim for retaliation for opposing an unsafe work environment pursuant to Federal Rules of Civil Procedure 15 and 16 on the grounds good cause exists and leave to amend is freely given as justice so requires.

## II.   ARGUMENT

"Once the [Court] ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). Thus, a party seeking to amend their pleading after the date specified in the Court's Scheduling Order must first show "good cause" for amendment under Rule 16(b), and if "good cause" is shown, the party must then demonstrate that amendment is proper under Rule 15. Id. at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

As the Scheduling Order required that motions to amend the pleadings or add parties be heard by October 17, 2016, which has passed, Plaintiff's ability to amend here is governed by Rule 16(b). Under Federal Rule of Civil Procedure 16(b)(4), the Court's Scheduling Order "may be modified only for good cause and with the judge's

1    consent."

2
3        Good cause exists because Plaintiff's counsel discovered the existence of the

4    new claims on December 13, 2016, after the last day to amend the pleadings.

5    Declaration of Michael Freiman ("Freiman Decl.") ¶ 3-4. Plaintiff mistakenly thought

6
7    these claims were already a part of the instant case. Id. Plaintiff's counsel requested

8    Defendant stipulate within ten (10) days thereafter on December 23, 2016. Id. at ¶ 5.

9    Defendant notified Plaintiff on January 25, 2017 it would not stipulate and agreed not

10
11   to rely on the time that passed from December 23, 2016 to January 25, 2017, as a

12   ground to oppose the motion. Id. at ¶ 8. Plaintiff's counsel's actions show diligence

13   sufficient to establish good cause to permit amending a complaint to add a viable claim.

14
15       Under FRCP 15, which governs the amendment of pleadings, "leave shall be

16   freely given when justice so requires."  Fed. R. Civ. P. 15.  "The purpose of pleading

17   is to facilitate a proper decision on the merits…and not erect formal and burdensome

18
19   impediments to the litigation process.  Unless undue prejudice to the opposing party

20   will result, a trial judge should ordinarily permit a party to amend its complaint.  Howey

21   v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973).

22
23       The Ninth Circuit has repeatedly emphasized that "Rule 15's policy of favoring

24   amendments to pleadings should be applied with extreme liberality."  DCD Programs,

25   Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The Court should grant leave to

26
27   amend unless the non-moving party shows that the proposed amendment is unduly

28   delayed, prompted by bad faith or dilatory motive, would unduly prejudice the

opposing party, or would be futile.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Absent prejudice or a strong showing of any of the remaining <u>Foman</u> factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis added).

Here, Defendant cannot make a showing of much, if any, prejudice or the other factors since 1) the amendment is not futile; 2) the parties agreed to hold off on discovery until after the settlement conference on December 5, 2016; 3) Defendant hasn't propounded any written discovery; 4) Defendant hasn't taken Plaintiff's deposition; and 5) Plaintiff has offered to Defendant to go past the seven (7) hour deposition time limit if it finds it needs more time to question Plaintiff regarding the new claims. Freiman Decl. at ¶¶ 9-11.

Under Federal Rule of Civil Procedure 15(a)(2), in the absence of "undue delay, bad faith, or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.' <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

## IV.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant leave for Plaintiff to file the proposed Second Amended Complaint attached as Exhibit A.

1

2

3   Dated: February 6, 2017          FREIMAN LAW

4                                    /s/ Lawrence W. Freiman

5                                    Michael J. Freiman, Esq.
                                     Lawrence W. Freiman, Eseq.
6
                                     Attorneys for Plaintiff ALLEN BRUCE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28