# EXHIBIT A

1    Lawrence W. Freiman, Esq. (SBN 288917)
     lawrence@freimanlaw.com
2    Michael J. Freiman, Esq. (SBN 280716)
3    michael@freimanlaw.com
     Freiman Law, 100 Wilshire Blvd., Ste. 700, Santa Monica, CA 90401
4    Telephone: (310) 917-1024; Facsimile:  (888) 835-8511
5    Attorneys for Plaintiff ALLEN BRUCE

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                                                          Deleted: FIRST

26   SECOND AMENDED COMPLAINT FOR DAMAGES

27                                    1

28

| | |
|---|---|
| ALLEN BRUCE,<br><br>              Plaintiff,<br><br>v.<br><br>THE WAGGONERS TRUCKING,<br>INC.; and DOES 1 through 20,<br>inclusive,<br><br>              Defendants. | CASE NO.: 2:16-cv-05320-MWF-MRW<br>**[PROPOSED] SECOND AMENDED**<br>**COMPLAINT FOR:**<br>1.  Failure to Pay Overtime and Doubletime Compensation (Cal Lab. Code ss. 510, 1194, 1194.2, 1197, 1198)<br>2.  Failure to Pay Timely Earned Wages (Cal Lab. Code ss. 204)<br>3.  Failure to Furnish Accurate Payroll Records (Cal. Lab. Code s. 226)<br>4.  Unfair Competition (Cal B&P Code s. 17200 et seq.)<br>6.  Failure to Pay Minimum Wage and Wages for All Hours Worked (Cal Lab. Code ss. 1194, 1197, 1197.2 1198, 221, 222, 223)<br>7.  Labor Code s. 1102.5<br>8.  Labor Code s. 970<br>9.  Fraudulent Inducement of Employment<br>10. Negligent Misrepresentation<br>11. Intentional Misrepresentation<br>12. Discrimination in Violation of FEHA<br>13. Failure to Prevent Discrimination<br>14. Discrimination in Violation of CFRA<br>15. Discrimination in Violation of FMLA<br>16. Retaliation in Violation of FLSA<br>17. Wrongful Termination/Constructive Discharge in Violation of Public Policy<br>18. Retaliation in Violation of Labor Code s. 6310<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff ALLEN BRUCE for his Complaint against Defendant THE WAGGONERS TRUCKING, INC. et al. hereby complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

      1.    Plaintiff Allen Bruce was at all times relevant to the matters alleged in this complaint an individual with his residence in California.

2.      Defendant THE WAGGONERS TRUCKING, INC. ("Defendant") is a California corporation that is licensed to do business in the State of California. Defendant's agent for service of process is Daniel K. Gaston, 200 South Los Robles Ave. #530, Pasadena, CA 91101.

3.      Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.   For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

4.      Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

3

employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

## **FACTUAL BACKGROUND**

5.    Prior to becoming employed by Defendant, Plaintiff received a job offer for a different position with a different employer.

6.    Defendant fraudulently induced Plaintiff to work for Defendant by promising Plaintiff a higher pay rate than it actually provide to Plaintiff, a pay raise, overtime payments for hours worked over 60 hours per week, per diem expenses, and that Plaintiff would be paid for all work performed.

7.    Plaintiff relied upon Defendant's promises by accepting Defendant's job offer and not accepting another offer of employment from a different employer.

8.    Defendant failed to pay Plaintiff for his hours worked including minimum wage; overtime for his hours worked over 8 hours in a day and 40 hours in a week; and overtime pay for hours worked over 60 hours per week in accordance with Defendant's policies and agreement with Plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

4

9. Defendant failed to provide Plaintiff with accurate wage statements reflecting his compensation earned and paid including all wages and overtime pay.

10. Defendant failed to pay Plaintiff all wages due twice each calendar month because Defendant failed to include wages for all work performed and overtime.

11. Plaintiff made several complaints to Defendant about failure to pay wages, failure to pay overtime, failure to provide accurate pay records, Defendant's fraudulently inducing Plaintiff to work for Defendant, and legal violations related trucking regulations and workplace safety.

12. Defendant reduced Plaintiff's pay rate, failed to provide Plaintiff with his promised raise and pay rate, and failed to pay Plaintiff for work performed and overtime in retaliation for Plaintiff's aforementioned complaints and to culminate its fraudulent inducement of employment.

13. Defendant further prohibited Plaintiff from working for one week the day after he refused to perform and complained about legal violations related to trucking regulations and workplace safety.

Deleted: and

Deleted: FIRST

SECOND AMENDED COMPLAINT FOR DAMAGES

5

14.     Plaintiff became disabled and exercised his right to a reasonable accommodation of medical leave.

15.     Upon Plaintiff's return from medical leave, Defendants, on the basis of Plaintiff's disability and record of disability, request for reasonable accommodation, exercise of medical leave, and in retaliation for the aforementioned protected activities, removed Plaintiff's position and offered him a demotion with half-pay, which caused Plaintiff to become terminated/constructively discharged.

16.     Plaintiff has filed a charge with and obtained Right-to-Sue letter from the Department of Fair Employment and Housing.

**<u>FIRST CAUSE OF ACTION</u>**
**(Failure to Pay Overtime Compensation)**
**(Cal. Lab. Code Sections 510, 1194, 1194.2, 1197, 1198)**

17.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

18.     Defendant failed to pay Plaintiff overtime and doubletime for all his hours worked including over eight (8) hours per day and over forty (40) hours per week.

19.     Plaintiff seeks all statutory damages and penalties.

SECOND AMENDED COMPLAINT FOR DAMAGES

| Deleted: FIRST |

**SECOND CAUSE OF ACTION**
**(Failure to Pay Timely Earned Wages)**
**(Cal. Lab. Code Section 204)**

20.   Labor Code Section 204 provides that all wages earned by an employee are due and payable twice each calendar month.

21.   Defendants did not pay Plaintiff his earned wages and overtime wages.

22.   Plaintiff seeks all statutory damages and penalties.

**THIRD CAUSE OF ACTION**
**(Penalties for Violations of California Labor Code § 226 for**
**Failure to Provide Itemized Wage Statements)**
**(Against All Defendants)**

23.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

24.   Labor Code § 226 subdivision (a) requires, in pertinent part, that "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of

**Deleted:** FIRST

SECOND AMENDED COMPLAINT FOR DAMAGES

7

overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, and (6) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

25.   Plaintiff did not receive accurate wage statements with all of the required information set forth under Labor Code § 226 because it did not include the unpaid wages and overtime pay and as a result suffered monetary damages.

26.   On numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), and (a)(9) by failing to provide Plaintiff, and other employees, accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee (4) all deductions (5) net wages earned, and (6) all applicable hourly rates in effect during

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

8

the pay period and the corresponding number of hours worked at each hourly rate by the employee.

**FOURTH CAUSE OF ACTION**
**(Unfair Competition)**
**(California Business & Professions Code Section 17200, et seq.)**
**(Against All Defendants)**

27.    Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

28.    Defendants' failure to pay Plaintiff compensation for overtime and doubletime pay, wages and other Labor Code sections constitutes a violation of California's Unfair Competition Law enumerated in California Bus. and Prof. Code s. 17200 et seq.

29.    Plaintiff has been prejudiced by Defendants' business practices and has lost property as a result.  As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and other earnings that have been withheld from Plaintiff as a result of the unfair business acts and practices described herein.

SECOND AMENDED COMPLAINT FOR DAMAGES

9

| Deleted: . |
| Deleted: FIRST |

**FIFTH CAUSE OF ACTION**
**(Failure to Pay Minimum Wage and Agreed Upon Wages for All Hours Worked)**
**(Cal. Lab. Code Section (1194, 1197, 1197.2, 1198, 221, 222, 223))**

30.     Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

31.     Defendants failed to pay Plaintiff minimum wage and agreed upon wages for all hours worked.

32.     Plaintiff seeks all statutory damages and penalties.

**SIXTH CAUSE OF ACTION**
**(Labor Code s. 1102.5)**
**(Against All Defendants)**

33.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

34.     Defendants retaliated against Plaintiff for his protected complaints.

35.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

Deleted: FIRST

10

36.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

37.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION
**(Labor Code s. 970)**
**(Against All Defendants)**

38.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

39.     Defendants intentionally and knowingly made misrepresentations to Plaintiff regarding his employment with Defendant.

40.     Defendants' misrepresentations caused Plaintiff's decision to accept Defendants' employment offer.

41.     Plaintiff reasonably relied upon Defendants' representations.

42.     As a proximate result of the wrongful conduct of Defendants, Plaintiff suffered damages and has suffered actual, consequential and incidental financial

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at trial.

43.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, all for a period in the future not presently ascertainable and in an amount subject to proof at the time of trial.

44.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

45.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### EIGHTH CAUSE OF ACTION
**(Fraudulent Inducement of Employment)**
**(Against All Defendants)**

46.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

Deleted: FIRST

47.   Defendants intentionally and knowingly made misrepresentations to Plaintiff regarding his employment with Defendant.

48.   Defendants' misrepresentations caused Plaintiff's decision to accept Defendants' employment offer.

49.   Plaintiff reasonably relied upon Defendants' representations.

50.   As a proximate result of the wrongful conduct of Defendants, Plaintiff suffered damages and has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at trial.

51.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, all for a period in the future not presently ascertainable and in an amount subject to proof at the time of trial.

52.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

Deleted: FIRST

**NINTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**
**(Against All Defendants)**

53.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as fully set forth herein.

54.    Defendants made negligent misrepresentations to Plaintiff, which induced him accept Defendants' offer of employment.

55.    When Defendants made these representations to Plaintiff, Defendants knew that these representations would be material to Plaintiff and that he would justifiably rely on these representations.

56.    Plaintiff actually and reasonably relied on Defendants' negligent misrepresentations to her detriment.

57.    As a proximate result of the wrongful conduct of Defendants, Plaintiff suffered damages and has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

14

**Deleted:** FIRST

58.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, all for a period in the future not presently ascertainable and in an amount subject to proof at the time of trial.

59.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### TENTH CAUSE OF ACTION
**(Intentional Misrepresentation)**
**(Against All Defendants)**

60.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

61.    Defendants made misrepresentations to Plaintiff which induced Plaintiff to accept Defendants' employment offer and become Defendants' employee.

62.    When Defendants made these representations to Plaintiff, Defendants knew that these representations would be material to Plaintiff and that he would justifiably rely on these representations.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

15

63.    Defendants made these representations to Plaintiff knowing that they were false or made recklessly and without regard to their truth.

64.    Plaintiff actually and reasonably relied on Defendants' said misrepresentations.

65.    As a proximate result of the wrongful conduct of Defendants, Plaintiff suffered damages and has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at trial.

66.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, all for a period in the future not presently ascertainable and in an amount subject to proof at the time of trial.

67.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

**ELEVENTH CAUSE OF ACTION**
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

68.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

69.   Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

70.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

71.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

72.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

Deleted: FIRST

17

**TWELFTH CAUSE OF ACTION**
**(Failure to Prevent Discrimination in Violation of FEHA)**
**(Against All Defendants)**

73.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

74.   Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

75.   Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

76.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

77.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

78.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

18

**Deleted:** FIRST

## THIRTEENTH CAUSE OF ACTION
### (Retaliation in Violation of FEHA)
### (Against All Defendants)

79.   Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

80.   Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

81.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

82.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to hi damage in an amount according to proof at trial.

83.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

19

**FOURTEENTH CAUSE OF ACTION**
**(Discrimination in Violation of CFRA)**
**(Against All Defendants)**

84.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

85.    Defendants' actions constitute discrimination in violation of the California Family Rights Act ("CFRA").

86.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

87.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

88.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

**FIFTEENTH CAUSE OF ACTION**
**(Discrimination in Violation of FMLA)**
**(Against All Defendants)**

89.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

90.    Defendants' actions constitute discrimination in violation of Family and Medical Leave Act ("FMLA").

91.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

92.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

93.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

Deleted: FIRST

**SIXTEENTH CAUSE OF ACTION**
**(Violation of FLSA)**
**(Against All Defendants)**

94.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

95.    Defendants' actions constitute failure to pay minimum wage, failure to pay overtime, and retaliation violation of the Fair Labor Standards Act ("FLSA").

96.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

97.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

98.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

### SEVENTEENTH CAUSE OF ACTION
**Wrongful Termination/Constructive Discharge in Violation of Public Policy**
**(Against All Defendants)**

99.    Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

100.   Defendant's actions constitute wrongful constructive discharge in violation of the public policies embedded in FEHA, CFRA, FMLA, FLSA, Labor Code ss. 1102.5; and *Tameny v. Atlantic Richfield Co.*, (1980) 27 Cal.3d 167.

101.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

### EIGHTEENTH CAUSE OF ACTION
**(Labor Code s. 6310)**
**(Against All Defendants)**

102.  Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

Formatted: Font:

Formatted: No bullets or numbering

Deleted: FIRST

103.   Defendants retaliated against Plaintiff for his protected complaints about workplace safety.

104.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

105.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

106.   In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For payment of earned wages, withheld earnings, overtime compensation, waiting time compensation and other damages according to proof in an amount to be ascertained at trial;

2.     For payment of all statutory obligations and penalties as required by law;

3.     For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;

SECOND AMENDED COMPLAINT FOR DAMAGES

**Deleted:** FIRST

4.    For punitive damages as allowed by law;

5.    Loss of income incurred and to be incurred according to proof;

6.    For reasonable attorneys' fees;

7.    For costs of suit incurred herein;

8.    For interest provided by law;

9.    All damages and penalties pursuant to Labor Code §§ 201, 203, 204, 226, 510, 1031, 1194, 1194.2, 1197, 1198, and 6310.

10.   For restitution and other equitable relief; and

11.   For such other and further relief as the court deems just and proper.

Dated: February 6, 2016          By: ___/s/___

                                 Lawrence W. Freiman, Esq.
                                 Michael J. Freiman, Esq.
                                 Attorneys for Plaintiff Allen Bruce

**DEMAND FOR JURY TRIAL**

Plaintiff Allen Bruce demands a jury trial.

Dated: February 6, 2016          By: ___/s/___

                                 Lawrence W. Freiman, Esq.
                                 Michael J. Freiman, Esq.
                                 Attorneys for Plaintiff Allen Bruce

SECOND AMENDED COMPLAINT FOR DAMAGES

25

**Deleted:** October 13

**Deleted:** October 13

**Deleted:** FIRST